

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable R. E. Stone
County Auditor
Cass County
Linden, Texas

Dear Sir:

Opinion No. O-3383
Re: Can Commissioner's Court legal-
ly issue time warrants for road
machinery not provided for in
the 1941 budget, thereby creat-
ing additional future indebted-
ness against road precincts,
and another question?

    Your recent request for an opinion of this Depart-
ment on the questions that are herein stated has been received.

    We quote from your letter as follows:

> "I will thank you to advise if a County Com-
> missioner's Court can legally issue Time Warrants
> for Road Machinery not provided for in the 1941
> Budget, thereby creating additional future indebt-
> edness against his Road Precincts?
>
> "What is the controlling factor in determin-
> ing the maximum amount of Time Warrants or future
> indebtedness that can be created against a Road
> Precinct or other funds of a County?
>
> "Please enclose copies of other opinions in
> point with Budget Control. One in particular is
> based upon a Federal Court Decision, discussing the
> authority of Auditors to keep expenditures within
> provisions of the approved budget.
>
> ". . ."

    We assume that you refer to commissioner precincts
and not to defined road districts in the question stated above.
Therefore, we construe your questions as follows:

    First, can a county commissioner's court legally
issue time warrants for road machinery not provided for in
the 1941 budget, thereby creating additional future indebted-
ness against the county?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Second, what is the controlling factor in determining the maximum amount of time warrants that can be issued or future indebtedness that can be created against a county?

Generally speaking, without special authority, the court charged with the administration of the business affairs of the county is without the power to issue negotiable securities, depriving the county of true defenses against the original creditor. This restriction does not, however, prevent a county from entering into contracts for public improvements and issuing non-negotiable interest bearing warrants in payment thereof. The commissioners court has the power to incur indebtedness not only to the extent of the revenues of the county during the term of office of such commissioners, but also to the extent of contracting away revenues which will be collected during many years, and to evidence the indebtedness by interest bearing warrants. The power of the commissioners court to issue warrants exists by virtue of its power to provide public buildings and improvements and to create a debt therefor. Counties have power to contract for the construction of courthouses, or for the improvement of public roads, on the general credit of the county, and may issue as evidence of indebtedness thereby created interest bearing warrants of the county. (Brisdgeis v. City of Lampasas, 249 S. W. 1083; Lasater v. Lopez, 217 S. W. 373; Texas Jurisprudence, Vol. 11, p. 63).

We respectfully answer your first question in the affirmative. Provided, however, that at the time the contract of purchase is made, a tax is levied to pay the debt and interest thereon as provided in Section 7, Article 11, of the State Constitution. (Also see Austin Bros. v. Montague County, 291 S. W. 628, 10 S. W. (2d) 787, 27 S. W. (2d) 144; Colonial Trust Co. v. Hill County, 294 S. W. 516).

The fact that the above mentioned time warrants were not provided for in the 1941 budget is immaterial. However, after the issuance of said warrants, the obligation evidenced by the warrants must be shown in the subsequent budgets of the county. (Art. 689a-9, Vernon's Annotated Civil Statutes).

With reference to your second question, the controlling factor determining the maximum amount of time warrants on future indebtedness that can be created against a

county for the above mentioned purpose is controlled by Sec. 9, Art. 8 of the State Constitution, and Article 2352, Vernon's Annotated Civil Statutes, which authorize the commissioner's court to levy and collect a tax not exceeding fifteen cents for road and bridges on the one hundred dollar valuation.

Therefore, you are advised that the commissioner's court can legally issue any amount of time warrants not exceeding the statutory and constitutional limitations above mentioned, provided, that at the time the contract of purchase is made, the taxes are levied to pay the debt and interest thereon as provided in Section 7, Article 11 of the State Constitution, together with all other outstanding obligations which are to be paid out of the above mentioned tax.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:mp

APPROVED APR 30, 1941

acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN